# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
     )
    v.      )    I.D. Nos. 2206012342 A&B
     )
MILIK MCKNIGHT,      )
     )
    Defendant.      )

## <u>ORDER</u>

This 25th day of June 2025, upon consideration of Defendant Milik McKnight's Motion for Correction of Sentence,[1] and the record in this matter, it appears to the Court that:

1.     Defendant Milik McKnight ("McKnight") was convicted after a bifurcated trial in this Court of Attempted Murder First Degree, Conspiracy First Degree, Possession of a Firearm During the Commission of a Felony, Possession of a Firearm by a Person Prohibited ("PFBPP"), Possession of Ammunition by a Person Prohibited ("PABPP"), and Carrying a Concealed Deadly Weapon. The verdicts on all but the PFBPP and PABPP charges were returned by the jury in the "A" case.[2] The Court found him guilty of PFBPP and PABPP in the "B" case after he waived his right to a jury trial on those charges.[3] He was sentenced to a total of 23 years of

[1] D.I. 49 (ID No. 2206012342A); D.I. 28 (ID No. 2206012342B) Subsequent references are to ID No. 2206012342A.
[2] D.I. 23.
[3] *Id.*

unsuspended Level V time followed by decreasing levels of supervision.[4] In particular, he received an enhanced, unsuspended sentence of five years at Level V on the PFBPP charge.[5]

2. He now moves for correction of sentence alleging that the enhanced sentence on the PFBPP charge violated the dictates of the recent United States Supreme Court decision in *Erlinger v. United States*.[6] In particular he contends that because a sentencing judge "can do no more than stay consistent with the Sixth Amendment than determine the crime with what elements a defendant has been convicted," he was entitled to have a jury determine the factors that enhanced his sentence on the PFBPP charge.[7]

3. The PFBPP count of the Indictment charged McKnight with possession of a firearm "after having been convicted of Robbery 1st Degree, a felony or crime of violence, in case number 1411008862 in the Superior Court of the State of Delaware, in and for New Castle County on or about August 4, 2015."[8] Pursuant to 11 *Del. C.* § 1448(e)(1)(b) any person convicted of a violent felony within the previous 10 years shall receive a minimum sentence of five years at Level V.[9] Robbery First Degree is a violent felony.[10]

---

[4] D.I. 25.
[5] *Id.*
[6] 602 U.S. 821 (2024).
[7] D.I. 49.
[8] Indictment, Count IV, D.I. 2.
[9] 11 *Del. C.* 1448(e)(1)(b).
[10] 11 *Del. C.* 4201(c).

4. Pursuant to Criminal Rule 35(a), the Court may correct an illegal sentence at any time.[11] A sentence is illegal if it violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[12] The Court may correct a sentence imposed in an illegal manner within the time provided for the reduction of sentence which is 90 days of the imposition of sentence.[13]

5. Here, the Court need not determine whether the motion more properly is one to correct an illegal sentence, and thus cognizable, or a time barred motion to correct a sentence illegally imposed. Nor, need the Court consider whether *Erlinger* may be retroactively applied to McKnight's case. The Court need only consult the trial record to determine McKnight is not entitled to relief under either interpretation of the motion.

6. *Erlinger* provides that "'[a] fact that increases" a defendant's exposure to punishment, whether by triggering a higher maximum or minimum sentence, must be "submitted to a jury" and found unanimously and beyond a reasonable doubt.'"[14]

---

[11] Super. Ct. Crim. R. 35(a).
[12] *Brittingham v. State,* 705 A.2d 577, 578 (Del. 1998).
[13] Super. Ct. Crim. R. 35(a) and (b).
[14] *Erlinger* 602 U.S. at 833 (quoting Alleyne v United States, 570 U.S. 99, 111-113).

7.	Here, McKnight's sentence on the PFBPP charge was enhanced because he was convicted of a violent felony within the previous 10 years as alleged in the Indictment.[15]  McKnight contends that *Erlinger* and its predecessors require the fact-finder at trial to find beyond a reasonable doubt that he was convicted of Robbery First Degree within 10 years of the current PFBPP charge in order for the enhancement provision of 11 *Del. C.* § 1458(e)(1)(b) to apply.  Unfortunately for McKnight, for purposes of this motion, he apparently forgot the fact-finder on the PFBPP charge was the Court, since he waived his right to a jury trial.[16]  The Court made just those findings of fact necessary to enhance his sentence at trial when it found him guilty of the PFBPP charge.

**THEREFORE,** Defendant Milik McKnight's Motion to Correct Sentence is **DENIED.**

**IT IS SO ORDERED.**

*/s/ Ferris W. Wharton*
Ferris W. Wharton, J.

oc:	Prothonotary
cc:	Office of Conflicts Counsel
	Jillian Bender, Esquire, Deputy Attorney General
	Stephen McCloskey, Esquire, Deputy Attorney General
	Milik McKnight (SBI# 00583978)
	Investigative Services

---

[15] 11 *Del. C.* § 1448(e)(1)(b).
[16] D.I. 51.